Yeskoo Hogan & Tamlyn, LLP
909 Third Avenue, 28th Floor
New York, NY 10022
212-983-0900
Attorneys for Plaintiff
By:  Richard C. Yeskoo

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANASTASIA INTERNATIONAL, INC.,                No.

                          Plaintiff,        Complaint

       – against –

A FOREIGN AFFAIR, LLC and WORLD WIDE
DATA LINK, INC.,
                        Defendants.
----------------------------------------------------------------X

       Plaintiff Anastasia International, Inc., by its undersigned attorneys, complains against defendants A Foreign Affair, LLC and World Wide Data Link, Inc. as follows:

       1.      Plaintiff Anastasia International Inc. ("Anastasia") is a Kentucky corporation with its principal place of business at 40 High Street, Bangor, Maine 04401.

       2.      Defendant A Foreign Affair, LLC ("Foreign Affair") is an Arizona LLC with its principal place of business in Arizona.  Upon information and belief, none of its members are citizens of the States of Maine or Kentucky.

       3.      Defendant World Wide Data Link, Inc. is an Arizona corporation with its principal place of business in Arizona.

       4.      This court has subject matter jurisdiction pursuant 28 USC §1331, §1338 and 15 USC §1116, §1121 and §1125 in that this action arises under Section 43 of the Lanham Act, 15 USC § 1125.  This court has subject matter jurisdiction pursuant to 28 USC §1332, in that the action is between citizens of different states and the amount in controversy exceeds the amount

1

of $75,000, exclusive of interest and costs.  This court also has supplemental jurisdiction over the state law claims pursuant to 28 USC §1367(a).

5. Venue is appropriate in this district under 28 U.S.C. §1391(a) because the defendants are subject to personal jurisdiction in this judicial district.

6. This Court has personal jurisdiction over the defendants because defendants' tortious acts have caused injury to plaintiff in New York; defendants expected or reasonably expected their acts to have consequences in New York; and defendants derive substantial revenue from interstate and international commerce.

## ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff Anastasia is the licensee of the right to use the "Anastasiadate" and "Anastasiadate.com" trademarks in the United States.  Plaintiff offers an international dating service which, for a fee, matches men in the United States with women located in Russia and the Ukraine.  Due to the significant emigration of Russians and Ukrainians to the New York metropolitan area, New York is a significant source of Anastasia's customers.

8. Defendant Foreign Affair is a direct competitor of Anastasia.  It operates the Loveme.com and Russian-Women-Forum websites, among others, and competes for the same potential customers as Anastasia.  Upon information and belief, defendant World Wide Data Link, Inc. provides website design and operation services to Foreign Affair and is also responsible for the content of the Russian-Women-Forum website.

9. The Russian-Women-Forum website contains a numerous sections purporting to review the services of its competitors, including a section entitled "Anastasiadate is Scam and Scumbags".  Using metatags utilizing the Anastasiadate trademarks, it has positioned its website so that it comes up almost at the top of any web search for Anastasiadate.  For example, if you

enter "Anastasiadate" in a Google web search, the "Anastasiadate is Scam and Scumbags" website will be the second non-sponsored result returned, just after Anastasia's own website.

10. The Russian-Women-Forum website, which contains the "Anastasiadate is Scam and Scumbags" web pages, purport to publish reviews written by dissatisfied customers of Anastasia. The reviews all have a common message -- the women featured on Anastasiadate.com are not truly looking for a relationship with United States men, but instead are contract workers paid to correspond with Anastasia customers and break their hearts. However, many of the reviews contain enough detail, such as names and dates, to enable plaintiff to investigate whether there was an actual customer who matches the customer purportedly writing the review. Its investigation has revealed that the reviews are fictional, meaning that someone has drafted reviews about Anastasia which are entirely untrue. Anastasiadate goes to great length to ensure that the women featured on the website are real people who are genuinely interested in dating and marrying United States men. Upon information and belief, defendants know that the reviews are untrue and/or have themselves drafted or procured the false reviews for the purpose of competitively harming Anastasia.

11. Moreover, the Russian-Women-Forum, while pretending to be a neutral forum for internet users, in fact is only selecting and publishing negative reviews about Foreign Affairs' competitors (including Anastasia) and positive reviews about the Foreign Affairs websites, such as Loveme.com. Upon information and belief, the administrator of the forum is Kenneth Agee, an employee of A Foreign Affair.

12. As a direct result of defendants' actions, plaintiff has suffered lost business, loss of goodwill and damage to business reputation.

13. On November 8, 2011 plaintiff's counsel sent a demand letter to Foreign Affairs

which is annexed hereto as Exhibit 1.  While defendants have removed some of the negative reviews from the website, they are still publishing the "Anastasiadate is Scam and Scumbags" website and still misusing the Anastasiadate trademarks in their metatags so that this site is returned very high on web searches for Anastasia.

COUNT ONE<br>FALSE ADVERTISING UNDER THE LANHAM ACT, 15 USC § 1125(a)

14. Plaintiff repeats paragraphs 1 through 13.

15. The "reviews" posted on defendants' web pages are not bona fide reviews, but are instead false or misleading misrepresentations about the nature of Anastasia's services made by defendants in their own commercial advertising and promotion for the purpose of selling their own services.

16. The false statements deceived, and have a tendency to continue to deceive, a substantial segment of their intended audience.

17. The deception contained in defendants' web pages is material, and has influenced, and will continue to influence, the purchasing decisions of Anastasia's potential customers, specifically United States men interested in dating and marrying Russian and Ukrainian women.

18. The false advertising concerning plaintiff was put into interstate commerce by defendants on their Russian-Women-Forum website and has been widely distributed to consumers of international dating services throughout the United States.

19. The false advertising has injured, and will likely continue to injure, plaintiff.

20. The false advertising has caused and will continue to cause plaintiff to lose sales of its services, will cause consumer confusion, and will cause plaintiff to suffer additional damage for which it has no adequate remedy at law.

21. Defendants' violation of the Lanham Act has been knowing and willful.

COUNT TWO
TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 USC 1125 (a)

22. Plaintiff repeats paragraphs 1 through 21.

23. Defendants' use of the trademarks "Anastasiadate"and "Anastasiadate.com" in their metatags used to promote the Russian-Women-Forum website constitutes trademark infringement prohibited by the Lanham Act, 15 USC 1125 (a).

24. The trademark infringement has injured, and will likely continue to injure, plaintiff.

25. The trademark infringement has caused and will continue to cause plaintiff to lose sales of its services, will cause consumer confusion, and will cause plaintiff to suffer additional damage for which it has no adequate remedy at law.

26. Defendants' violation of the Lanham Act has been knowing and willful.

COUNT THREE
TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS
ADVANTAGE UNDER APPLICABLE STATE LAW

27. Plaintiff repeats paragraphs 1 through 26.

28. Plaintiff has valuable relationships with its existing and potential customers. Defendants know of these relationships.

29. Defendants have intentionally brought about the termination of these relationships through the wrongful conduct alleged herein and in the absence of justification or privilege.

30. Defendants' conduct has injured, and will likely continue to injure, plaintiff.

31. Defendants' conduct has caused and will continue to cause plaintiff to lose sales of its services, will cause consumer confusion, and will cause plaintiff to suffer additional damage for which it has no adequate remedy at law.

32. Defendants' actions are willful and wanton and of such a reprehensible nature that

the court should award punitive damages to deter defendants and other like parties from engaging in such conduct in the future.

## COUNT FOUR
## UNFAIR COMPETITION UNDER APPLICABLE STATE LAW

33. Plaintiff repeats paragraphs 1 through 32.

34. Defendants' conduct, as previously described, constitutes unfair competition.

34. Defendants' conduct has injured, and will likely continue to injure, plaintiff.

35. Defendants' conduct has caused and will continue to cause plaintiff to lose sales of its services, will cause consumer confusion, and will cause plaintiff to suffer additional damage for which it has no adequate remedy at law.

36. Defendants' actions are willful and wanton and of such a reprehensible nature that the court should award punitive damages to deter defendants and other like parties from engaging in such conduct in the future.

WHEREFORE, plaintiff Anastasia International, Inc. demands judgment against defendants A Foreign Affair, LLC and World Wide Data Link, Inc.:

(a) a preliminary and permanent injunction enjoining defendants from publishing false reviews about plaintiff's services and from using the "Anastasiadate" and "Anastasiadate.com" trademarks as metatags;

(b) payment of all of defendants' profits, gains, and advantages that are realized from defendants' illegal conduct, and an accounting thereof;

(c) money damages in an amount not less than $2,500,000;

(d) treble damages;

(e) punitive damages;

(f) costs, expenses and reasonable attorneys' fees; and

(g) such other and further relief as the court deems just.

Dated: December 13, 2011

>YESKOO HOGAN & TAMLYN, LLP
>Attorneys for Plaintiff
>909 Third Avenue, 28th Floor
>New York, New York 10023
>212-983-0900
>
>By:  s/_____
>          Richard C. Yeskoo